IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BILLY NEWELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | NO. 4:20cv370 |
| | § | |
| DIRECT INTEGRITY SERVICES, | § | JURY TRIAL DEMANDED |
| LLC, TREY CHERRY, and | § | |
| ROGER CLARK, | § | |
| | § | |
| Defendants. | § | |

## COMPLAINT

Plaintiff Billy Newell files this Complaint against Defendants Direct Integrity Services, LLC, Trey Cherry, and Roger Clark.

## Parties

1. Plaintiff Billy Newell is an individual residing in Texas.

2. Defendant Direct Integrity Services, LLC is Texas limited liability company with its main office in Deer Park, Texas. It may be served with process through its registered agent, Trey Cherry, 1555 Highway 96 South, Lumberton, Texas 77657.

3. Defendant Trey Cherry is an individual residing in Harris County, Texas. He may be served with process at 7218 Olson Lane, Pasadena, Texas 77505.

4. Defendant Roger Clark is an individual residing in Jefferson County, Texas. He may be served with process at 125 East Chance, Lumberton, Texas 77657.

## Jurisdiction and Venue

5. The Court has federal question jurisdiction over this case because the case arises under the Fair Labor Standards Act (FLSA).

1

6. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendants Direct Integrity Services and Cherry reside in this District, and because a substantial part of the events or omissions giving rise to the claim occurred in this District, in that many of the projects performed by Plaintiff took place in Harris County.

## Claim for Relief

7. Direct Integrity Services is a hydrostatic testing company. Direct Integrity Services engages in interstate commerce and has annual sales in excessive of $500,000.

8. Mr. Newell worked as a service tech for Direct Integrity Services from February 1, 2018, to January 20, 2020.

9. Trey Cherry is the owner and president of Direct Integrity Services. Mr. Cherry acted directly or indirectly in the interest of an employer in relation to Mr. Newell. Mr. Cherry is therefore an employer for purposes of the FLSA.

10. Roger Clark is the vice president of Direct Integrity Services and was Mr. Newell's immediate supervisor. He controlled Mr. Newell's pay and hours worked. Mr. Clark acted directly or indirectly in the interest of an employer in relation to Mr. Newell. Mr. Clark is therefore an employer for purposes of the FLSA.

11. Direct Integrity Services paid Mr. Newell on a salary basis based on a 40-hour work week from Monday to Thursday, 7:00 a.m. to 5:00 p.m. If there were no projects requiring a service tech, Mr. Clark would require Mr. Newell to remain at Direct Integrity Services' facility in Lumberton for the full 40 hours, sometimes assigning him menial tasks.

12. If there was a job, however, Mr. Newell was required to work outside of his assigned 40-hour shift. Many of these jobs took place in the Houston area. Mr. Newell often

worked at nights and on Fridays, Saturdays, and Sundays. On a regular basis, he worked more than 40 hours per week.

13. Direct Integrity Services did not pay overtime. Instead, Mr. Clark assigned "comp time" to employees who worked overtime. However, given that Mr. Newell was not a public employee, comp time is not permissible under the FLSA. Instead, the FLSA required Direct Integrity Services to pay overtime.

14. Mr. Newell and other employees complained about this on numerous occasions. Mr. Clark and Direct Integrity Services were on notice that there were serious issues with the way that they were paying employees.

15. Mr. Newell was not an exempt employee. He did not supervise other employees or engage in management, he is not a learned professional, and he was not performing office or non-manual labor.

16. All conditions precedent have occurred or been performed.

17. Defendants violated the FLSA by failing to pay Mr. Newell overtime. Mr. Newell is therefore entitled to recover (a) back pay equal to the amount of unpaid overtime from past pay periods, (b) an additional equal amount as liquidated damages under section 216 of the Fair Labor Standards Act, (c) attorneys' fees, (d) post-judgment interest, and (e) all costs of court.

Plaintiff requests that Defendant be cited to appear and answer, and that on final hearing the Court award the following relief to Plaintiff and against Defendant:

(a) actual and liquidated damages for unpaid overtime;

(b) reasonable attorneys' fees;

(c) pre- and post-judgment interest as provided by law;

(d) all costs of court; and

(e)  any other relief to which Plaintiff may be entitled.

      Respectfully submitted,

      /s/ David C. Holmes
      David C. Holmes, Attorney in Charge
      State Bar No. 09907150
      Southern District No. 5494
      13201 Northwest Freeway, Suite 800
      Houston, Texas 77040
      Telephone: 713-586-8862
      Fax: 713-586-8863

      ATTORNEY FOR PLAINTIFF